UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JENNIFER W.,[1]

                                                              Plaintiff,                Case # 24-CV-240-FPG

v.                                                                           DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                              Defendant.
_____

## INTRODUCTION

Plaintiff Jennifer W. brings this action pursuant to the Social Security Act, seeking review of the final decision of the Commissioner of Social Security that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g). Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 5, 8. For the reasons that follow, the Commissioner's motion is GRANTED, Plaintiff's motion is DENIED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In April 2021, Plaintiff applied for DIB with the Social Security Administration ("the SSA"). Tr.[2] 81. She alleged disability since June 20, 2020. *Id.* In March 2023, Administrative Law Judge Brian LeCours ("the ALJ") issued a decision finding that Plaintiff is not disabled. Tr. 15-24. In January 2024, the Appeals Council denied Plaintiff's request for review. Tr. 1-4. This action seeks review of the Commissioner's final decision. ECF No. 1.

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 4.

**LEGAL STANDARD**

I.  **District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted).

II. **Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 17. At step two, the ALJ found that Plaintiff had a number of severe physical and mental impairments. *Id.* At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any Listings impairment. Tr. 17-18.

Next, the ALJ determined that Plaintiff retains the RFC to perform at all exertional levels but with a number of non-exertional limitations. Tr. 19. At step four, the ALJ found that Plaintiff has no past relevant work. Tr. 23. At step five, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. Tr. 23-24. Accordingly, the ALJ concluded that Plaintiff was not disabled from June 20, 2020 to June 30, 2020 (her date last insured). Tr. 24.

## II. Analysis

Plaintiff argues that remand is warranted because the ALJ crafted a "highly specific" limitation using his own surmise—namely, that Plaintiff would be off-task for ten percent of the workday. *See* ECF No. 5-1 at 6; Tr. 19. Remand is not warranted.

This is not Plaintiff's first application for benefits. On June 19, 2020, the Commissioner concluded that Plaintiff was not disabled for the period between September 30, 2015 and June 19, 2020. Tr. 56-69. With respect to Plaintiff's RFC, it was found that she would be "off task 10% of the workday." Tr. 61. The Appeals Council denied Plaintiff's request for review, Tr. 74-76, and Plaintiff did not seek further review. Accordingly, that "decision," as well as its component "findings," are binding on Plaintiff. 20 U.S.C. § 405(h).

Relying on that binding decision as a starting point, the ALJ reviewed the available evidence and concluded that Plaintiff had suffered "no worsening in her condition directly following the previous [benefits] determination." Tr. 22. As a result, the ALJ imposed the same RFC set forth in the prior determination, including the off-task limitation. *Compare* Tr. 19, *with* Tr. 61.

In asserting that the ALJ's off-task limitation lacks support in the record, Plaintiff attempts to focus solely on the evidence post-dating the prior determination. *See generally* ECF No. 5-1.

She provides no reason why the analysis must be so constricted, however, and it is clear that the ALJ did not craft the off-task limitation in that manner. Rather, the ALJ reasoned that, because (a) the prior determination is "binding through the date of that decision," Tr. 20, and (b) there is no evidence of "worsening" condition in the ten days following to the date last insured, Tr. 22, Plaintiff's RFC—including the off-task limitation—should remain the same. *See id.* Plaintiff challenges neither prong of the ALJ's reasoning. Absent any such challenge, or any clear argument as to why the analysis must be confined to evidence post-dating the prior determination, the Court cannot conclude that the ALJ erred in imposing the same RFC as the prior determination, including the same off-task limitation.[3] *Cf. Lively v. Sec. of Health & Hum. Servs.*, 820 F.2d 1391, 1392 (4th Cir. 1987) (where claimant filed second application two weeks after denial of first application finding him capable of light work, calling it "utterly inconceivable" that the second ALJ could have found claimant's condition "so improved in two weeks as to enable him to perform medium work"). Accordingly, remand is not warranted on this ground.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 5) is DENIED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: April 9, 2025
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[3] There is active debate concerning the proper application of the principles of *res judicata* and collateral estoppel where, as here, a claimant seeks benefits for an unadjudicated period that is close in time to an adjudicated period. *See generally, e.g.*, *Pisarek v. Saul*, No. 18-CV-200, 2019 WL 4750518 (W.D.N.Y. Sept. 30, 2019). Because neither party develops any arguments on that issue, the Court need not address it.